# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )   CASE NO. 3:22-cr-14 (MTT) |
| SHABAZZ LARRY GUIDRY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER

On April 12, 2023, the Court held a hearing in which Defendant Shabazz Larry Guidry sought to change his plea. Doc. 156. Present at the hearing were Defendant Guidry, his counsel, and counsel for the Government. *Id*. Pursuant to a plea agreement, Defendant Guidry entered a plea of guilty to Count One of the Indictment. *Id*. The plea was freely and voluntarily given, and the Court accepted the plea once signed. *Id*. The Government now moves for the Court to seal Defendant Guidry's plea agreement. Doc. 155.

Because "it would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted," the United States Supreme Court has held that courts are required under the First Amendment to provide public access to criminal trials. *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 580 (1980); *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 603 (1982). Indeed, "the right of access to criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole." *Globe Newspaper*, 457 U.S. at 606. However, the right of access to criminal trials is not absolute. *Id*. Where a court denies the right of access "in order to

inhibit the disclosure of sensitive information," "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [order denying the right of access] was properly entered." *Id*. at 606-07; *Press-Enterprise Co. v. Super. Ct. of Cali., Riverside Cnty.*, 464 U.S. 501, 510 (1984).

Although the Supreme Court identified this First Amendment right in the context of the public's right to attend criminal trials, federal district courts and courts of appeals have extended the right to plea agreements. *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *U.S. v. Haller*, 837 F.2d 84, 86-88 (2d. Cir. 1988); *U.S. v. DeJournett*, 817 F.3d 479, 484-85 (6th Cir. 2016); *Oregonian Pub. Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465-66 (9th Cir. 1990); *U.S. v. Baez-Alcaino*, 718 F.Supp.1503, 1505-06 (M.D. Fla. 1989).

To the Court's knowledge, the Eleventh Circuit has not yet extended the First Amendment right of access to plea agreements. However, it has held courts must follow the test set forth in *Press-Enterprise* when sealing documents on a criminal docket. *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1029-30 (11th Cir. 2005). In that case, the Eleventh Circuit concluded that the district court erred in sealing certain documents where neither its "sealing order nor its denials of access to court records articulated the reason for the closure or the evidence that supported the need for closure." *Id*. at 1030, 1030 n.16 (citing *Washington Post*, 935 F.2d 282 and *U.S. v. Haller*, 837 F.2d 84). Based on the above, the significant role plea agreements play in our criminal justice system, and because the Government moves to seal the plea agreement "in order to

inhibit the disclosure of sensitive information," the Court concludes it is appropriate to use the test outlined by the Supreme Court in *Press-Enterprise*. 464 U.S. at 510; *Globe Newspaper*, 457 U.S. at 606-07; *see U.S. v. Kooistra*, 796 F.2d 1390, 1391 (11th Cir. 1986) ("The findings need only be sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed documents themselves, what important interest or interests the district court found sufficiently compelling to justify the denial of public access."); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings [is] an essential component of our system of justice" and generally affords the public an opportunity to inspect and copy public records as well as view criminal proceedings.).

      The Government contends that "[t]he stipulation of facts and other sections contained in [Defendant Guidry's] Plea Agreement undoubtedly contain sensitive information which if disclosed could potentially jeopardize the safety of others, including but not limited to named defendants in this case." Doc. 155 ¶ 7. After reviewing the plea agreement, as well as the facts and circumstances surrounding this case, the Court agrees. In a prior hearing, the Government proffered evidence that Defendant Guidry's co-defendant, Philmon Chambers, ordered the murders of two individuals because he believed they were cooperating with law enforcement. Doc. 90 at 15:6-16:12. The Government has also alleged that co-defendant Chambers, while in jail, attempted to have a fellow gang member carry out his order to murder five individuals he suspected were providing information to law enforcement officers. Docs. 72 at 10-11; 155 ¶ 5. Finally, the Court has previously found that Defendant Guidry's co-defendants present serious threats to security and safety. *See* Doc. 153 at 3.

The Court finds that filing Defendant Guidry's plea agreement under seal does not run afoul of the public's right of access to the courts under the First Amendment. First, the sealing of the plea agreement is necessitated by the overriding interest of safety. The Court agrees with the Government that the nature and content of the information contained within the plea agreement is sensitive. Based on the circumstances of this case, the Court also agrees with the Government's assessment that disclosure of Defendant Guidry's plea agreement could potentially jeopardize the safety of others. The organization the defendants are allegedly involved in has a history of violence, specifically harming those who proceed in a way the organization opposes. The interest in preventing harm to any individual involved in this case thus overrides the presumption of openness.

Second, the sealing of Defendant Guidry's plea agreement is narrowly tailored to serve this overriding interest. The Court did not restrict the public's access to Defendant Guidry's change of plea hearing. Moreover, the Government is not requesting the Court conceal that Defendant Guidry has entered into a plea agreement with the Government. Rather, the Court is solely restricting the public's access to the information contained within that plea agreement. And absent this non-disclosure, the potential risk to the safety of certain individuals would certainly be substantial.

Accordingly, the Government's Motion to Seal (Doc. 155) is **GRANTED**.

**SO ORDERED**, this 14th day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT