# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No. 3:22-cr-14-MTT-CHW-5 |
| SHABAZZ LARRY GUIDRY, | : |
| Defendant. | : |

## ORDER

Defendant Shabazz Guidry has filed a "request of sentencing transcripts to file for a meaningful proceeding." (Doc. 528). Defendant does not specifically indicate what judicial proceeding he intends to pursue. He did not appeal his conviction or sentence and currently he does not have a motion for post-conviction relief pending before the Court.

Defendant was sentenced on March 27, 2024. *See* (Doc. 450). A transcript of his sentencing hearing does not appear on the docket, which indicates it has not likely been prepared by the court reporter. Defendant has not shown that the preparation of the transcript is necessary to decide a non-frivolous issue presented in the case, as no post-conviction motion is pending before the Court.

Even if the transcript appeared on the docket, the absence of a post-conviction motion also means that Defendant would not be entitled to free copies of his transcript at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). A defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 827 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)).

Defendant is advised that copies of case records are available at the cost of $.50 per page. Defendant appears to understand that payment for his transcript may be required because he requested that the Court reduce the per-page cost to between $.01 and $10. (Doc. 528, p. 1). Even if his sentencing transcript had been filed, Defendant has provided no basis to provide copies at a reduced rate.

Based on the foregoing, Defendant request for his sentencing transcript (Doc. 528) is **DENIED**.

**SO ORDERED**, this 24th day of March, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge